UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN P. CASTALES, JR. (#3823)

VERSUS   CIVIL ACTION

SEDRICK ARMSTEAD, ET AL   NUMBER 13-199-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 27, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN P. CASTALES, JR. (#3823)

VERSUS                                          CIVIL ACTION

SEDRICK ARMSTEAD, ET AL                         NUMBER 13-199-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Motion to Amend Judgment, which shall be treated as a motion for relief from the judgment under Rule 60, Fed.R.Civ.P. Record document number 29.

Plaintiff's November 13, 2013 letter was treated as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A), Fed.R.Civ.P.[1] On November 19, 2013, the district judge issued a Notice of Dismissal.[2] Approximately two months later, on January 14, 2014, the plaintiff filed a Notice of Appeal.[3] On April 15, 2014, the appeal was dismissed because the Notice of Appeal was not timely. *John P. Costales, Jr. v. Sedrick Armstead*, No. 14-30049 (5th Cir. 2014).

On February 25, 2015, the plaintiff moved to have the entry of judgment set aside on the ground that he was confused and mentally

---

[1] Record document number 14.

[2] Record document number 15.

[3] Record document number 16.

incompetent at the time he filed his complaint, when he voluntarily dismissed his complaint, and remains so now.  Plaintiff argued that he only voluntarily dismissed his complaint because he thought the FBI would kill him if he did not do so.  Moreover, the plaintiff argued that he was entitled to appointment of counsel, which was denied by the district court.[4]

Rule 60(b), Fed.R.Civ.P., only permits vacatur of a "final judgment, order, or proceeding."  A Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a "final proceeding." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013).

Rule 60(b) permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition.  Specifically, Rule 60(b)(3) allows relief from a judgment to be granted on the basis of "fraud ..., misrepresentation, or misconduct by the opposing party."  As provided by subsection (c), a motion under Rule 60(b) must be made within a reasonable time, and for the reasons stated

---

[4] Record document number 6, letter requesting appointment of counsel; record document number 10, ruling denying appointment of counsel.  Plaintiff objected to the ruling denying appointment of counsel, but the ruling was affirmed by the district judge. Record document numbers 12 and 13, respectively. Plaintiff filed another motion for appointment of counsel at the same time he filed a notice of appeal. Record document number 17. That motion was also denied. Record document number 21.

in subsections (b)(1), (2) and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Plaintiff's motion was filed more than 15 months after the voluntary dismissal of his complaint. Insofar as the plaintiff moved for relief from judgment pursuant to Rule 60(b)(1),(2), and/or (3), the motion is time barred. As to other grounds for relief available under Rule 60(b)(4) or (5), there is no factual basis for the application of any of them. And there is no other reason that justifies granting relief from the judgment under subsection (b)(6).

A Rule 60(b)(6) motion requires a showing of extraordinary circumstances. *See, Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Plaintiff failed to establish the existence of any extraordinary circumstances regarding the voluntary dismissal of his complaint sufficient to warrant relief from the judgment.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion to Amend Judgment, treated as a motion for relief from the judgment, be denied.

Baton Rouge, Louisiana, February 27, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE